■ In the Matter of ILONA OF HUNGARY, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 29, 1988, which assessed the employer for interest on the late payment of unemployment insurance contributions.

The employer is a Colorado corporation that operates skin care shops. In March 1982, the employer was operating in six States and at that time opened a shop in New York City.

Although the employer made unemployment insurance contributions in the other States and filed quarterly wage reports in New York, it did not make the quarterly contributions to the State Department of Labor, as required of all employers. The employer did, however, send a letter on October 20, 1982 to the State Department of Taxation and Finance requesting a statement as to when the remittance for unemployment insurance contributions had to be made and the rate that would be used in its assessment. When no response to this letter was received, another letter, dated January 26, 1983, was sent requesting the same information. Again, no response was received from the Department of Taxation and Finance. When a fire occurred in November 1985 at the employer's shop and some of its employees made claims for unemployment insurance benefits to the Department of Labor, the employer was notified that no fund insuring it for such claims had been implemented and that its contributions for unemployment insurance were required. The employer submitted a contribution form dated November 15, 1985 for the years 1982 through 1985 and noted that it was not paying contributions because it was protesting the rate and appealing the determination since, unlike in other States, the rate in New York was not based on the employer's performance, but rather was the same for all employers. A letter sent to the employer in January 1986, which gave notice of a hearing that was to be held, suggested that payment be made in full to avoid accruing interest, pending the outcome of the review proceeding. This letter further explained that if the employer were successful, a refund with interest would be made to it. The employer failed to make any contributions.

After the hearing, the Administrative Law Judge sustained the Commissioner of Labor's assessment and experience rating by decision dated March 12, 1986, and as a result, in September 1986, the employer paid $11,810.97, but no interest. A subsequent hearing in regard to the issue of interest was held, and the Unemployment Insurance Appeal Board sustained the Commissioner's assessment of interest in the amount of $3,351.06 and $100 in costs against the employer's delinquent contributions.

On this appeal, the employer contends that it made a good-faith effort to comply by filing its quarterly wage reports with the Department of Taxation and Finance. In our view, the issue of good faith urged by the employer is irrelevant. The provisions of Labor Law § 570 (3) clearly and unequivocally impose interest on any employer who fails to pay its contribu-

tions. The statute does not make good faith an element; nor is the payment of interest contingent upon an employer's fault or fraud (see, Labor Law § 570 [4]). Furthermore, the employer here, when notified of the failure to pay its contributions in November 1985, still refused to pay because a protest was contemplated. The Board's interpretation of the relevant statute (Labor Law § 570 [3]) being proper, its decision must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.